NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-52-HRW

DONALD PRESLEY                                                    PETITIONER

V.                    **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, WARDEN                                       RESPONDENT

* * * * *

Donald Presley, an individual who is currently incarcerated in the Federal Correctional Institution in Ashland Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has paid the $5.00 filing fee [Record No. 3].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The petitioner has minimally completed a preprinted §2241 habeas corpus petition form and

has attached to the form a typewritten, one-and-one-half-page supplement. The petitioner states in his petition form that on June 16, 1994, he was convicted in the United States District Court for the Western Division of Virginia, Abington Division, of being a felon in possession of a firearm in violation of 18 U.S.C. §§922 (g)(1) and 924(e). He received a 15-year sentence. He states in §6(c) of his §2241 petition form that he has not filed, and does not contemplate filing, a petition under 28 U.S.C. §2255 attacking the judgment which imposed his sentence.

The allegations of the petition are not entirely clear, but it appears from the supplement that the petitioner asserts three arguments. First, he argues that his sentence was improperly enhanced under the Armed Career Criminal Act, 18 U.S.C. §924(e) (" the ACCA").[1] He contends that in 1994, the United States could not prove beyond a reasonable doubt that his predicate offenses were violent felonies as defined by 18 U.S.C. §924(e)(2)(B). He argues that in order for a crime to qualify as a violent felony, a knife, firearm or destructive device must be used.

The petitioner states that although he had been charged with the use of a firearm in the commission of two prior robberies, he was "found not guilty or the charges were dropped of the firearm." [Supplement, p. 1] The petitioner contends that because a weapon was not used in the commission of those two prior crimes, they should not be counted as violent felonies for purposes of a sentence enhancement under the ACCA [*Id.*].

Second, he contends that his prior convictions for shooting into an occupied dwelling, and

---

[1]The ACCA states as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years.

8 U.S.C. §924(e)(1).

2

entering a home at the same time, should not have been counted as two felonies [*Id.*, p. 2]. Third, he asserts that the 1973 felonies "occurred 21 years prior to the incident [his 1994 conviction]." [*Id.*] He argues that under the United States Sentencing Guidelines, convictions which are more than fifteen years old are not considered for purposes of sentence enhancement under the ACCA [*Id.*].

The petitioner argues that in light of the foregoing, and recent Supreme Court decisions, specifically, *Blakely v. Washington*, --- U.S. ----, 124 S.Ct. 2531, 159 L. Ed.2d 403 (2004), *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L. Ed.2d 621 (2005), and *Shepard v. United States*, --- U.S. ----, 125 S.Ct. 1254, --- L. Ed.2d ---- (2005), his 1994 sentence was illegally enhanced by the Court, not by a jury, in violation of the Sixth Amendment.

## DISCUSSION
### 1. §2255 Remedy not "Inadequate or Ineffective"

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Because the instant petitioner's claim relates to the sentence imposed by the federal district court in the Western District of Virginia, the claim is not ordinarily a cognizable claim for this Court under 28 U.S.C. §2241.

In highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration rather than going to the trial court with a §2255 motion. This is based on certain language in the fifth paragraph of 28 U.S.C. §2255, which provides

3

that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit has set out the threshold which must be met by §2241 petitioners who wish the court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255. The appellate court has required first that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as the petitioner in *Martin* did. *Martin*, 319 F.3d at 804-05.

The Court finds that the petitioner has failed to establish either one of the two prerequisites for use of §2241. As to whether his remedy by motion to the trial court is inadequate or ineffective, he could have raised the issue of the ACCA enhancement to the trial court in Virginia at the time of his sentencing. By his own admission, he did not even file a §2255 motion to the trial court, nor does he allege that he even attempted to do so. The petitioner does not state if he raised the issue as to the validity of his two prior predicate offenses under the ACCA, but if he did not, he could have asserted that challenge on direct appeal of his conviction and/or sentence. In short, it appears that the petitioner has had opportunities to raise his claims in a timely manner but has not done so. This

4

fact defeats any claim that a §2255 motion is inadequate or ineffective to challenge his sentence.

Nor does he present the second of the requirements for this Court to entertain the merits of his claim. His claim is not one of actual innocence of the crime for which he was convicted and sentenced in the United States District Court for the Western District of Virginia. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court of the United States therein writing, "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609. When confronted with a similar claim in this circuit, in *Ward v. Snyder*, 238 F.3d 426, 2000 WL 1871725 (6th Cir. 2000) (unpublished), the appellate court in this circuit cited to *Bailey* and *Charles v. Chandler* and noted that one of Petitioner Ward's failures therein was that he did not "cite to any intervening change in the law which reflects that he may be actually innocent of his crimes." *Id.* at **2. In fact, the Sixth

5

Circuit wrote, "it is unclear whether and to what extent someone like [the petitioner] can show actual innocence in relation to his claims that challenge the imposition of his sentence." *Id.* Additional Sixth Circuit opinions are consistent with the analysis and result herein. *See Szabo v. Snyder*, 83 Fed.Appx. 738, 2003 WL 22976633 (6th Cir. 2003) (unpublished); *Leon v. Hemingway*, 53 Fed.Appx. 353 (6th Cir. 2002) (unpublished).

Therefore, the instant petitioner having failed to pass the threshold of demonstrating both that his remedy by a §2255 motion to the trial court is inadequate and ineffective and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, his petition must be denied and his cause dismissed.

## 2. *Blakely* and *Booker* Do Not Apply

Even if the petitioner had demonstrated that he had pursued his trial court remedy under 28 U.S.C. §2255, dismissal of the instant §2241 petition would still be appropriate. The petitioner's reliance on the cited Supreme Court cases is misplaced. The petitioner relies on the application of the rule first announced in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and recently made applicable to the Federal Sentencing Guidelines in *United States v. Booker*, 125 S. Ct. 738, 749 (2005).

In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. Despite the recent extension of the *Blakely* principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in *Booker* that the new rule cannot be applied

6

retroactively to cases on collateral review.

In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *accord McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005); *see also In re Andersen*, 396 F.3d 1336 (11th Cir. 2005). As this Court is bound by--and in full agreement with--the recently published *Humphress* decision, *Blakely* and its progeny cannot be applied retroactively on collateral review and provide the petitioner with grounds for relief from his conviction and sentence.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    Petitioner Donald Presley's petition for writ of habeas corpus is **DENIED**.

(2)    This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 12th day of May, 2005.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE

7